AO 91 (Rev. 5/85) Criminal Complaint                      AUSA Emalyn H. Webber

# United States District Court

__SOUTHERN__ DISTRICT OF __FLORIDA__

FILED by ___ D.C.
MAY 0 8 2008
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

UNITED STATES OF AMERICA
V.
LOUIS C. YOUNGLOVE and
MONICA PEREYRA GARCIA

## CRIMINAL COMPLAINT

CASE NUMBER: 08-8116-AEV

(Name and Address of Defendant)

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about __May 7, 2008__ in __Palm Beach__ county, in the __Southern__ District of __Florida__ defendant(s) (Track Statutory Language of Offense)

did knowingly and intentionally manufacture 100 or more marijuana plants.

in violation of Title __21__ United States Code, Section(s) __841(a)(1)(b)(1)(B)(vii), and__
         Title __18__ United States Code, Section __2__

I further state that I am a(n) __Task Force Officer with DEA__ and that this complaint is based on the following facts:

Please see attached Affidavit.

Continued on the attached sheet and made a part hereof:   ☒ Yes   ☐ No

Signature of Complainant
Irving Martinez, Task Force Officer
Drug Enforcement Administration

Sworn to before me and subscribed in my presence,
upon my finding of probable cause.

May 8, 2008                                              at   West Palm Beach, Florida
Date                                                          City and State

ANN E. VITUNAC
UNITED STATES MAGISTRATE JUDGE
Name and Title of Judicial Officer                            Signature of Judicial Officer

# AFFIDAVIT

I, Irving Martinez, being duly sworn, depose and state as follows:

1. I am a Task Force Agent with the Drug Enforcement Administration (DEA) assigned to the Fort Lauderdale District Office, Miami, Florida Field Division. As such, I am an investigative or law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in Title 18, United States Code, Section 2516(1). I have been assigned to the DEA since January 2003 and have been a State law enforcement officer for 10 years. As a Task Force Agent, I have participated in various narcotic investigations involving individuals and organizations suspected of and/or charged with narcotic related offenses as a case agent and in a subsidiary role. I have also debriefed or participated in debriefings of numerous defendants, informants, and witnesses who had personal knowledge regarding major narcotics trafficking organizations, and have participated in most aspects of drug investigations. I am familiar with narcotics traffickers' methods of operation including the distribution, storage, and transportation of narcotics, and the collection of money which represents the proceeds of narcotics trafficking and money laundering.

2. I have personally participated in the investigation of the offenses referred to in this Affidavit. I am familiar with the facts and circumstances of this investigation from personal participation and from information provided to me by other federal, state, and

1

local law enforcement officers, and witnesses. The information contained in this affidavit is submitted for the sole purpose of supplying probable cause to support the arrests of Louis C. YOUNGLOVE & Monica P. GARCIA. As a result, it does not contain all the information known regarding this investigation.

3. On November 26th 2007, as part of a ongoing drug investigation, Your Affiant and other Agents from the United States Department of Justice, Drug Enforcement Administration (DEA), with the assistance of the Broward Sheriff's Office were conducting surveillance at a business named "The Growing Experience" located at 1913 NW 18 Street, Pompano Beach, Florida, which is a known business that sells grow equipment and other items, commonly utilized for indoor hydroponics Cannabis operations. During the afternoon, a 2004 Ford Excursion SUV bearing Florida Tag "X51LJE" drove up to the aforementioned business, driven by a female later identified as Monica P. GARCIA. She picked up a heavy set white male later identified as Louis C. YOUNGLOVE, exiting the aforementioned business, where he has purchased unknown items.

4. BSO Narcotics Detective Julie Foster, who was present, positively identified both subjects along with the aforementioned vehicle. Detective Foster had previously arrested YOUNGLOVE on an unrelated Florida State narcotics trafficking investigation. The Florida tag of the aforementioned vehicle came back to Ana Marie Martinez, Tamarac, Florida. Martinez is GARCIA's mother.

5. Based on this information, Agents conducted mobile surveillance on

2

YOUNGLOVE & GARCIA.  Agents subsequently followed YOUNGLOVE & GARCIA to 598 NW 12 Terrace, Boca Raton, Florida 33486. GARCIA was driving in an erratic manner, at times driving well above the speed limit then at times under the speed limit, in an apparent effort to detect possible surveillance by law enforcement.

6. During the course of this investigation agents along with the assistance of Boca Raton Police Department's Narcotics Unit  followed YOUNGLOVE & GARCIA to a business warehouse at 4301 Oak Circle #1, Boca Raton, Florida 33431, and to a second business warehouse located at 1240 Tangelo Terr #B4, Delray Beach, Florida 33444. On prior occasions both subjects were observed entering and exiting both warehouse locations.

7. Florida State search warrants for both business warehouse locations, along with a Document search warrant for YOUNGLOVE & GARCIA's Boca Raton residence were obtained on May 5, 2008.  On May 7th, 2008, at approximately 10:00PM, Agents and Delray Beach PD Detectives observed YOUNGLOVE and another unknown subject enter the Delray Beach warehouse, during which time Agents executed the State search warrant. The unknown subject was then identified as Anthony Younglove, Louis Younglove's 14 year old son. Agents detained YOUNGLOVE along with his son relative to the state search warrant.  YOUNGLOVE was advised that Agents had a State search warrant for his warehouse.

8. A search of the Delray Beach warehouse revealed a fully functional marijuana

hydroponics grow lab which contained 62 live marijuana plants bearing root structure, and related equipment to wit: lights, ballast, hood lamps, trays, tubing and electrical equipment utilized to facilitate the marijuana grow lab were located and seized

9. Younglove agreed to provide agents with the keys to the second warehouse. Agents then executed the second State search warrant located at 4301 Oak Circle #1, Boca Raton. The search warrant revealed a functional marijuana hydroponics grow lab which contained a total of 91 marijuana plants bearing root structure, and related equipment to wit: lights, ballast, hood lamps, trays, tubing and electrical equipment utilized to facilitate the marijuana grow lab were located and seized.

10. A total of 153 live marijuana plants bearing root structures were discovered and seized from both warehouses. A sample from the marijuana seized field tested positive for the presence of marijuana.

11. Agents with the assistance of Boca Raton PD then executed the State document search warrant of YOUNGLOVE & GARCIA's residence in Boca Raton. Upon execution of the warrant agents made contact with GARCIA who was at the residence with her 4 other children. Agents advised her of the State search warrant. During the initial search Agents discovered, in plain view, suspect cocaine residue and drug paraphernalia located on top of the master bedroom dresser.

12. Your Affiant then advised GARCIA of her Miranda rights, and she stated that she would cooperate with law enforcement. GARCIA stated that there was money, cocaine

4

and marijuana in the master bedroom, but did not know how much. GARCIA then gave written consent to search her residence, vehicles and property located in Suwannee County Florida. A consent search revealed in the master bedroom closet approximately 220 grams of cocaine, approximately 2 pounds of marijuana and a bag containing approximately $3,000 in cash.

13. Also located on a shelf in the closet were several mason jars containing marijuana.

14. Post Miranda, GARCIA advised YOUNGLOVE has been selling cocaine since 2002, then started cultivating and selling marijuana about a year ago. She further stated that this provided their main source of income. GARCIA advised that they had approximately 3 successful harvests at the Boca Raton warehouse location. GARCIA also stated that her 2 agricultural properties were purchased by YOUNGLOVE and herself and were mainly purchased with money earned from illegal drug sales. GARCIA also stated that she had legitimate business which failed and never made any money. GARCIA

advised that on several occasions she and one or more of their children would be present drug sale transactions, which prior surveillance confirmed.

YOUR AFFIANT SAYETH NAUGHT

Irving Martinez
Task Force Officer
United States Department of Justice
Drug Enforcement Administration

Sworn and subscribed to before me
this 08 day of May, 2008

ANN E. VITUNAC
UNITED STATES MAGISTRATE JUDGE

6

LOUIS C. YOUNGLOVE

---

DEFENDANT

Pretrial detention is recommended as to defendant.

EMALYN WEBBER
ASSISTANT UNITED STATES ATTORNEY

MONICA PEREYRA GARCIA

---

DEFENDANT

Pretrial detention is recommended as to defendant.

*[signature]*
EMALYN WEBBER
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

No. __08-8116-AEV__

UNITED STATES OF AMERICA

Plaintiff,

vs.

LOUIS C. YOUNGLOVE and
MONICA PEREYRA GARCIA

Defendants.
_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the United States Attorney's Office prior to April 1, 1999? ___ Yes _X_ No
   If yes, was it pending in the Central Region?
   ___ Yes ___ No

2. Did this matter originate from a matter pending in the United States Attorney's Office prior to April 1, 2003? ___ Yes _X_ No

3. Did this matter originate from a matter pending in the Narcotics Section (Miami) of the United States Attorney's Office prior to May 18, 2003? ___ Yes _X_ No

4. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to October 14, 2003? ___ Yes _X_ No

5. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to September 1, 2007? ___ Yes _X_ No

Respectfully submitted,

R. ALEXANDER ACOSTA
UNITED STATES ATTORNEY

By_____
Emalyn H. Webber
Assistant United States Attorney
Emalyn.Webber@usdoj.gov
Florida Bar No. 407501
500 S. Australian Avenue, Suite 400
West Palm Beach, Florida 33401
Tel: 561-209-1011
Fax: 561-820-8777